**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE:  **Doreatha Willis**                                  Case No.

                    Debtor(s)                                        Chapter 13 Proceeding

☐ *AMENDED*   ☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

> *Creditors are hereby notified that the following Plan may be amended at any time before confirmation. Any amendment may affect your status as a creditor. The Debtor's estimate of how much the Plan will pay, projected payments, and estimates of the allowed claims may also change. The following information advises creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. More detailed information is on file at the Office of the United States Bankruptcy Clerk in El Paso or Waco, Texas. Local Bankruptcy Rules and Standing Orders on procedures are available at the Clerk's Office and online at www.txwb.uscourts.gov.*
>
> *Use of the singular word "Debtor" in this Plan includes the plural where appropriate.*

**Plan Summary**

A.  The Debtor's Plan Payment will be __**$670.00 Monthly**__, paid by ☒ Pay Order or ☐ Direct Pay for __**60 months**__. The gross amount to be paid into the plan is __**$40,200.00**__.

B.  The Plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI below, and approximately **100%** of each unsecured allowed claim.

THIS PLAN DOES NOT ALLOW CLAIMS. YOU MUST FILE A PROOF OF CLAIM BY THE APPLICABLE DEADLINE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN THAT MAY BE CONFIRMED. CREDITORS ARE REFERRED TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL BANKRUPTCY RULES FOR THE WESTERN DISTRICT OF TEXAS, AND THE APPLICABLE STANDING ORDER RELATING TO CHAPTER 13 CASE ADMINISTRATION FOR THIS DIVISION, FOR INFORMATION ON THESE AND OTHER DEADLINES.

C.  The value of the Debtor's non-exempt assets is __**$0.00**__.

D.  If the payment of any debt is proposed to be paid directly by the Debtor outside the Plan, it is so noted in Section VI(1), set forth below.

**Plan Provisions**

**I. Vesting of Estate Property**

☒ Upon confirmation of the Plan, all property of the estate shall vest in the Debtor and shall not remain as property of the estate.

☐ Upon confirmation of the Plan, all property of the estate shall not vest in the Debtor, but shall remain as property of the estate.

☐ Other (describe):

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

IN RE:  **Doreatha Willis**                                                             Case No.

                      Debtor(s)                                                             Chapter 13 Proceeding

☐ *AMENDED*    ☐ *MODIFIED*

**DEBTOR(S)' CHAPTER 13 PLAN**

**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 1*

### II. Pre-Confirmation Disbursements

In accordance with the applicable Standing Order Relating to Chapter 13 Case Administration, the Debtor requests and consents to disbursement by the Chapter 13 Trustee of payments prior to confirmation of the Plan to evidence the Debtor's good faith, promote successful completion of the case, and to provide adequate protection to secured creditors.  The Debtor shall remit such payments to the Trustee commencing 15 days after the filing of the petition.  Provided all conditions for disbursement are met and unless otherwise ordered by the Court, the Trustee shall begin disbursing to creditors as provided below, on the first regularly scheduled disbursement after 30 days after the the petition is filed.  Payments under this paragraph will cease upon confirmation of the Plan.

| Creditor/Collateral | Pre-Confirmation Payment Amount | Other Treatment Remarks |
|---|---|---|
| Conns Credit Corp<br>Apple and HP Laptops | $25.00 | |
| PAACO Automotive Group, L.P.<br>2012 Hyundai Veloster | $115.00 | |

### III. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to assume the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| Ralph G. Ray | 607 Hackberry St. Clifton, TX 76634 | Assumed | No |

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to reject the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| **(None)** | | | |

### IV.  Motion to Value Collateral Pursuant to 11 U.S.C. § 506

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI(2), hereof, plus interest thereon at the rate specified in this Plan.  Except for secured claims for which provision is made to pay the full amount of the claim not withstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section VI(2)(F).

The Debtor(s) move(s) to value the collateral described below in the amounts indicated.  The values as stated below represent the replacement values of the assets held for collateral, as required under Section 506(a)(2).  Objections to valuation of collateral proposed by this Motion and Plan must be filed no later than ten (10) days prior to the confirmation hearing date.  If no timely response or objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.

| Creditor / Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| | | | | | | |

Form 11/7/05         *Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas -  (210) 561-5300*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE:  **Doreatha Willis**  Case No.

Debtor(s)  Chapter 13 Proceeding

☐ *AMENDED*    ☐ *MODIFIED*

**DEBTOR(S)' CHAPTER 13 PLAN**

**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 2*

| | | | | | |
|---|---|---|---|---|---|
| Conns Credit Corp<br>Apple and HP Laptops | $2,516.00 | $1,800.00 | Pro-Rata | 5% | $1,953.83 |

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **June 17, 2016** ."

**/s/ Doreatha Willis**
Debtor                                                        Joint Debtor

### V.  Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)

The Bankruptcy Code allows certain liens to be avoided. If a lien is avoided, the claim will not be treated as a secured claim but as an unsecured claim under Section VI(2)(F).

The Debtor moves to avoid the following liens that impair exemptions. Objections to lien avoidance as proposed in this Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan. (Debtor must list the specific exempt property that the lien impairs and the basis of the lien--e.g., judicial lien, nonpurchase-money security interest, etc.)

| Creditor /<br>Property subject to lien | Amount of Lien<br>to be Avoided | Remarks |
|---|---|---|
| | | |

### VI.  Specific Treatment for Payment of Allowed Claims

**1. PAYMENTS TO BE MADE BY THE DEBTOR DIRECTLY TO CREDITORS, INCLUDING POST-PETITION DOMESTIC SUPPORT OBLIGATIONS**

**A.**  Debtor(s) shall pay the following creditors directly. Creditors with claims based on a post-petition domestic support obligation ("DSO"), including all governmental units to which a DSO claim has been assigned, or is owed, or that may otherwise recover a DSO claim, MUST be paid directly. Minors should be identified by their initials only. If no DSO creditor is listed, the Debtor represents he/she has no domestic support obligation.

All direct payments listed below shall be made in addition to the Plan payments made by Debtor to the Chapter 13 Trustee as herein set forth. Secured creditors who are paid directly shall retain their liens, and the Debtor(s) shall maintain insurance on the collateral, in accordance with the terms of the documents creating the lien on the collateral.

| Creditor / Collateral, if any (including the name of each DSO creditor) | Remarks | Debt Amount | Payment Amount/Interval |
|---|---|---|---|
| Aaron's Sales & Lease<br>7" Samsung Tablet | | $335.00 | |
| Navient Solutions, Inc. | | $90,907.00 | |
| TGSLC | | $12,527.00 | |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE:  **Doreatha Willis**                                    Case No.

                    Debtor(s)                                 Chapter 13 Proceeding

☐ *AMENDED*    ☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 3*

---

**B.** Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C. § 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

| Creditor/Collateral | Collateral to Be Surrendered |
|---|---|
| | |

**2. PAYMENTS TO BE MADE BY TRUSTEE TO CREDITORS**

**A.** Administrative Expenses

Administrative Expenses shall include the Trustee's commission and debtor's attorney's fees. The Trustee shall receive up to 10% of all sums received. No fees or expenses of counsel for the debtor(s) may be paid until the filing fee is paid in full, and any fees and expenses that are allowed in addition to the fees and expenses originally agreed to be paid, may be paid only after all prior allowed fees and expenses have been paid.

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured | Remarks |
|---|---|---|---|
| Davis Law Firm | $3,300.00 | Along With | |

**B.** Priority Claims, Including Domestic Support Obligation Arrearage Claims

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured | Remarks |
|---|---|---|---|
| Internal Revenue Service | $2,500.00 | Along With | |

**C.** Arrearage Claims

| Creditor / Collateral | Estimated Claim | Estimated Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| | | | | | | |

**D.** Cure Claims on Assumed Contracts, Leases, and Contracts for Deed

| Creditor/Subject Property, if any | Estimated Amount of Cure Claim | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|
| | | | |

Form 11/7/05    *Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas -  (210) 561-5300*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE: **Doreatha Willis**   Case No.

Debtor(s)   Chapter 13 Proceeding

☐ *AMENDED*   ☐ *MODIFIED*

## DEBTOR(S)' CHAPTER 13 PLAN
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 4*

**E.** Secured Creditors

Secured creditors shall retain their liens on the collateral that is security for their claims until the earlier of the date the underlying debt, as determined under non-bankruptcy law, has been paid in full, or the date of discharge under 11 U.S.C. § 1328. Therefore, if the debtor's case is dismissed or converted without completing of all Plan payments, the liens shall be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks (specifically note if claim amount to be paid although greater than value of collateral) |
|---|---|---|---|---|---|---|
| Conns Credit Corp<br>Apple and HP Laptops | $2,516.00 | $1,800.00 | Pro-Rata | 5% | $1,953.83 | |
| PAACO Automotive Group, L.P.<br>2012 Hyundai Veloster | $14,325.00 | $9,187.50 | $400.00 | 5.25% | $15,614.29 | Pay claim amount |

**F.** General Unsecured Creditors (including claims from rejection of contracts, leases and contracts for deed).
*Describe treatment for the class of general unsecured creditors.*

General Unsecured Creditors will receive approximately **100%** of their allowed claims.

**Totals:**

| | |
|---|---|
| Administrative Claims | **$3,300.00** |
| Priority Claims | **$2,500.00** |
| Arrearage Claims | **$0.00** |
| Cure Claims | **$0.00** |
| Secured Claims | **$16,125.00** |
| Unsecured Claims | **$12,393.90** |

## VII. Supplemental Plan Provisions

The following are the Supplemental Plan Provisions:
**None**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE:  **Doreatha Willis**                                        Case No.

                    Debtor(s)                                          Chapter 13 Proceeding

☐ *AMENDED*    ☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 5*

---

Respectfully submitted this date:   **6/17/2016**                         .

   **/s/ Evan Simpson**
   Evan Simpson
   3925 A S. Jack Kultgen Fwy.
   Waco, TX 76706
   Phone: (254) 399-9977 / Fax: (254) 399-9909
   (Attorney for Debtor)

  **/s/ Doreatha Willis**
  Doreatha Willis
  606 N Ave K, Apt 606-A
  Clifton, TX 76634
  (Debtor)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE: **Doreatha Willis**                     CASE NO.
*Debtor*

                                                   CHAPTER    **13**
*Joint Debtor*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on June 17, 2016, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Evan Simpson**
Evan Simpson
Bar ID:24060612
Davis Law Firm
3925 A S. Jack Kultgen Fwy.
Waco, TX 76706
(254) 399-9977

---

Aaron's Sales & Lease
5201 Bosque Blvd
Waco, TX 76710

Doreatha Willis
PO Box 422
Clifton, TX 76634

Ivy Funding Eight, LLC
Speedy Cash
22 W. Bryan St. Ste.208
Savannah, GA 31401

Afni, Inc.
xxxxxx6965
Po Box 3097
Bloomington, IL 61702

DYNAMIC RECOVERY
xxx7508
PO BOX 815808
DALLAS, TX 75381

Mbrs Choice Of C Tx Fc
xxxxxx0003
4631 W Waco Dr
Waco, TX 76710

Conns Credit Corp
xxxxx7531
3295 College St
Beaumont, TX 77701

Internal Revenue Service
300 E 8th St.
STOP 5026AUS
Austin TX 78701-3233

Military Star
xxxxxxxxxxxx7675
3911 Walton Walker
Dallas, TX 75266

Diversified Consultant
xxxx4869
10550 Deerwood Park Blvd
Jacksonville, FL 32256

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Mobileloans
xxxxxx0934
PO BOX 1409
Marksville, LA 71351

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

IN RE: **Doreatha Willis**  CASE NO.
*Debtor*

CHAPTER **13**
*Joint Debtor*

**CERTIFICATE OF SERVICE**
(Continuation Sheet #1)

Navient Solutions, Inc.
xxxxxxxxxxxxxxxxxx0819
Dept of Education Loan Svcs
PO Box 9635
Wilkes Barre, PA 18773-9635


NCP Finance Limited Partnership
205 Sugar Camp Cir
Dayton, OH 45409


PAACO Automotive Group, L.P.
x7853
3200 E. Randoll Mill Rd.
Arlington, TX 76011


Ray Hendren
3410 Far West Blvd. #200
Austin, TX 78731


TGSLC
xxxious
PO Box 83100
Round Rock, TX 78683-3100


TXU Energy
xxxxxxxxxxx8805
200 W. John Carpenter Fwy
Irving, TX 75039


Veteran Canteen Service (VCS)
#1 Jefferson Barracks Road
Bldg #25
Saint Louis, MO 63125-4194